No. 460

First Circuit

TAYLOR ET AL. v. STRENZKE

(June 10, 1929.  Opinion and Decree.)

Shelby Taylor and A. B. Parker, of Baton Rouge, in person, attorney for plaintiffs, appellants.

Benton and Benton, of Baton Rouge, attorneys for garnishee, appellee.

LECHE, J.  Plaintiffs, as owners of a judgment against Mrs. E. G. Strenzke, caused a writ of fi. fa. to issue and under said writ, obtained in execution thereof, garnishment process against Mrs. J. F. Yaun. Mrs. Yaun answered the interrogatories and denied that she held any property, rights or credits for Mrs. Strenzke, and denied owing anything to her. Thereupon, plaintiffs took a rule upon Mrs. Yaun with a view of traversing her answers, and the rule thus taken, is the matter in contest in this proceeding before this Court.

Garnishment under execution of judgments, may issue in the same manner and with the same regulations as are provided in relation to garnishees in cases of attachment. C. P. Art. 642. There is no attack as to the regularity of the proceedings, which seem to be in conformity with C. P. Art. 246, and Act 27 of 1877 as amended by Act 73 of 1884. The answers of the garnishee disclaim that she holds

any rights or credits for, or is in any manner indebted to Mrs. Strenzke, the defendant. On the trial of the rule to traverse, one of the plaintiffs testified that Mrs. Yaun had admitted to him that she was indebted to the defendant at the time of service of the garnishments, but this testimony is contradicted by Mrs. Yaun, and the indebtedness is denied by the defendant Mrs. Strenzke. According to C. P. Art. 264, in order to successfully traverse answers of a garnishee, either there must be positive written proof or the falsity of the answers must be shown by the oath of two witnesses worthy of belief. It is obvious that plaintiffs have failed to meet this situation, and therefore, that the garnishee must be discharged.

The judgment appealed from is affirmed.